Crone, Judge,
dissenting.
I respectfully dissent. If a plaintiff who files a tort claim against a governmental entity, such as the City, “is negligent to even a small degree and that negligence proximately contributes to his claimed damages, contributory negligence will operate as a complete bar to his action.” Hill, 54 N.E.3d at 406. Although generally a question of fact, contributory negligence may be “a question of law appropriate for summary judgment if the facts are undisputed and only a single inference can be drawn therefrom.” Id. at 406-07. The relevant facts here are undisputed, and I believe that the only inference that can be drawn from them is that Lee was contribu-torily negligent and therefore the City is entitled to summary judgment as a matter of law,
“[Contributory negligence is the failure of a person to exercise for his own safety that degree of care and caution which an ordinaiy, reasonable, and prudent person in a similar situation would exercise.” Id. at 406. Under Indiana law, children between the ages of seven and fourteen are presumed to be incapable of contributory negligence. Timberman, 918 N.E.2d at 297. But “the existence of the presumption will not preclude summary judgment for the alleged tortfeasor on grounds of contributory negligence in the appropriate case.” Id. at n.4. Indeed, the presumption is rebuttable with evidence showing the child’s capacity, i.e., by offering proof that the child, “based on his age, mental capacity, intelligence and experience, was accountable for his actions.” Id. at 298.
In my view, the City rebutted the presumption in this case. Lee was a thirteen-year-old eighth-grader with no cognitive infirmities. He had used the same crosswalk twice each school day and in every kind of weather for the past two years. “He knew to look both ways before crossing, and it was his habit to wait for a vehicle to come to a full stop before crossing instead of assuming that a slowing vehicle would fully stop.” Op. at 521. On the day of the accident, Lee looked both ways when he approached the crosswalk from the east and saw McLeod’s truck approaching in the northbound lane (i.e., the lane that was closer to him), but he walked into the crosswalk anyway. Although Lee believed that he had sufficient time to cross the road without causing the truck to have to adjust its speed or stop, he apparently failed to watch the truck when he entered the crosswalk or he would have noticed it did not slow down. McLeod testified that he did not see Lee *536 and did not brake until after he heard the impact.
The undisputed evidence shows that Lee should be held accountable for his actions. He knew and appreciated the dangers of using the crosswalk and had exercised reasonable care in the past by waiting for vehicles to come to a full stop before crossing the road. He failed to exercise reasonable care on the day he was struck and therefore was contributorily negligent as a matter of law. Consequently, I would affirm the trial court’s entry of summary judgment for the City on this ground.
I would also affirm on the basis that any negligence on the City’s part with respect to the speed limit signs did not proximately cause Lee’s injuries as a matter of law. The majority acknowledges that “McLeod did not see Lee until after the impact; thus, this is not a situation where the speed limit affected McLeod’s ability to apply his brakes fast enough.” Id. at 534. McLeod did not know precisely how fast he was going when he hit Lee, and the notion that he would have driven more slowly and not hit Lee if the posted speed limit had been twenty miles per hour is mere speculation, which cannot create a question of fact on summary judgment. Beatty v. LaFountaine, 896 N.E.2d 16, 20 (Ind. Ct. App. 2008), trans. denied (2009).